DORA Z. BERKMAN ET AL. *v.* BOARD OF APPEALS ON ZONING OF THE CITY OF BRIDGEPORT ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 10, 1948—decided March 8, 1949.

*John V. Donnelly,* with whom, on the brief, was *Harry Schwartz,* for the appellant (named defendant).

*William J. Lavery,* for the appellants (defendants Fico).

*Meyer Dworkin,* for the appellees (plaintiffs).

ELLS, J.   This is an appeal from a judgment of the Court of Common Pleas vacating the action of the board of appeals on zoning of the city of Bridgeport in varying the application of zoning regulations in order to permit the defendant Angelina Fico to resume the nonconforming use of premises owned by her.   The plaintiffs are neighboring property owners, and the defendant most concerned is Mrs. Fico.

Mrs. Fico acquired the property known as 931 Madison Avenue in Bridgeport on January 15, 1941, and has owned it since that date.   The plaintiff Berkman had

conducted a liquor package store there for several years under permits issued by the liquor control commission. In April, 1941, Mrs. Fico and Mrs. Berkman entered into a written lease, the renewed or extended term of which was not to expire until July 31, 1946. In 1944 trouble arose between the parties, an eviction was threatened, and Mrs. Berkman began to erect a building on adjoining land owned by her and to seek the privilege of establishing her package store in the new location. Since there were numerous liquor outlets within 1500 feet, she was prevented from making this new liquor use of her property by a provision of the zoning regulations hereinafter quoted. She applied to the defendant board for a variance, the application was granted, and on September 23, 1945, with the permission of the liquor control commission, she moved her package store into the newly completed building.

The cause of the trouble between the parties was the known desire of Mrs. Fico to establish her own package store. In an attempt to forestall this, Mrs. Berkman refused to surrender possession of the leased premises, continued to tender the rent each month and used the property for storage purposes. This action troubled Mrs. Fico, for she was confronted by certain zoning regulations of the city of Bridgeport. Section 6, subsection B, paragraph 2, in its application to the situation, provided that no premises could be used for the sale of alcoholic liquor under a package store permit issued by the liquor control commission if they were within 1500 feet of other liquor outlets. There were several liquor stores within the area. However, the liquor use of the Fico premises by Mrs. Berkman antedated the passage of the regulation and therefore the use was a nonconforming one. Paragraph 6 of the same subsection reads as follows: "Termination of Privilege of Liquor Use of Premises. If any building

or premises within the fifteen hundred foot area above described, which shall be used for the sale of alcoholic liquor under a tavern, restaurant or all alcoholic liquor package store permit shall cease to be actually so used under any such permit, such premises shall not again be used for the sale of alcoholic liquor under any of such permits, unless within 60 days after said premises shall have ceased to be so used it shall again be occupied and actually used for the sale of alcoholic liquor under a permit issued by said Liquor Control Commission of the same class as that last issued by it with reference to said premises." When Mrs. Berkman ceased to use the Fico property on September 23, 1945, as an all-liquor package store, the sixty-day provision began running against Mrs. Fico's right to subject the premises again to that use.

Sensing that the continued retention of possession by Mrs. Berkman under a claim that she had a valid lease which would not expire until July 1, 1946, might cause the sixty-day nonuser period to run against her, Mrs. Fico made persistent attempts to save the situation. At an undetermined date prior to November 1, 1945, she requested Henry L. Rowland, the duly constituted authority of the city, to certify on her application to the liquor control commission for a package store permit that the proposed liquor use was permissible under the zoning regulations. He desired to obtain legal advice and did not reach a decision until November 1. On September 26, she instituted summary process proceedings to put Mrs. Berkman out. On October 2, she instituted proceedings to keep her in, by seeking a mandatory injunction to compel her to resume the operation of the vacant package store pending the decision of the summary process action. On October 10, she filed an application with the defendant board for a variance of the sixty-day provision. The

board tabled the petition from time to time because of the pendency of the various lawsuits. On November 1, Rowland certified on Mrs. Fico's application that the use of the premises as a package store was permissible under the zoning regulations provided the premises were actually used for the operation of an all-liquor package store under a permit issued by the liquor control commission prior to the date of November 22, 1945, which was sixty days from September 23, 1945, the date Mrs. Berkman ceased to use the premises as a package store. The time thus allowed was insufficient for the commission to act because of the provisions of General Statutes, Sup. 1945, § 629h. On November 2, and again on November 3, Mrs. Fico's husband was arrested for breaking into the premises, and on November 5 Mrs. Berkman instituted an action seeking an injunction against continued trespass.

At four subsequent meetings the defendant board tabled the petition. On April 16, 1946, the City Court rendered judgment for Mrs. Fico in the summary process proceeding and Mrs. Berkman immediately vacated the premises. Possession at this late date was of no avail to Mrs. Fico since § 6, B6, of the zoning regulations had already operated to terminate her right to resume the liquor use of the premises. On July 16, 1946, the defendant board granted the variance requested by Mrs. Fico. The reversal of this action by the Court of Common Pleas is the basis of the present appeal.

We have added to the trial court's finding certain facts contained in the draft finding which are warranted by the evidence, in order to present the issues of the case fairly. Additional facts are hereinafter stated.

The defendant board gave no reason for its action in granting the variance. Under such circumstances the trial court could only by hearing the evidence de-

termine what the facts were and assume that the board had those facts before it. *Levine* v. *Zoning Board of Appeals,* 124 Conn. 53, 57, 198 A. 173. The issue then would be "whether the board had acted arbitrarily or illegally, or so unreasonably as to have abused its discretion." *Piccolo* v. *West Haven,* 120 Conn. 449, 453, 181 A. 615. The gist of the trial court's conclusions was that the board did not find, and would not be legally justified by the evidence assumed to have been before it in finding, that the conditions requisite for the granting of a variation, as stated in the ordinance, had been satisfied.

The power of the defendant board to vary the application of the zoning regulations is contained in § 16, which, in its application to the present case, provides: "The Board of Appeals may in a specific case after public notice and hearing, and subject to appropriate conditions and safeguards, determine and vary the application of the regulations herein established in harmony with their general purposes and intent, as follows: . . . 12. General Power to Vary Regulations. Varying any requirement of these regulations in harmony with its general purpose and intent, so that substantial justice may be done. This authority shall be executed in a manner to secure the public health, safety and welfare solely in instances where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of these regulations."

Like provisions are contained in the zoning regulations adopted by many other towns and cities of the state. They have been the subject of judicial determination in many cases, and the general principles and limitations on the power of boards of appeal to grant variances under these provisions are well defined. The power is designed to be sparingly exercised. It is only

in rare instances and under exceptional circumstances that relaxation of the general restrictions ought to be permitted. *Grady* v. *Katz,* 124 Conn. 525, 529, 1 A. 2d 137. The power is fully discussed in *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 45 A. 2d 828. To justify the variance, it must appear that the change will not substantially affect the comprehensive plan of zoning in the municipality and that adherence to the strict letter of the ordinance will cause difficulties and hardships the imposition of which upon the petitioner is unnecessary in order to carry out the general purpose of the plan. *Stavola* v. *Bulkeley,* 134 Conn. 186, 190, 56 A. 2d 645; *Delaney* v. *Zoning Board of Appeals,* 134 Conn. 240, 244, 56 A. 2d 647.

The trial court found that Mrs. Fico had suffered no economic loss by reason of the termination of the liquor use of her premises, that she had never conducted a liquor store on the premises, that there is nothing about the store which particularly adapts it to the sale of liquor, that it lends itself to the operation of a store for virtually any retail enterprise and that it can command practically the same price in the open market, whether with or without liquor privileges. These findings were attacked, but they were supported by evidence and must stand. The court concluded that the evidence before the board or adduced in court at the trial and assumed to have been before the board could not legally justify a finding of practical difficulty or unnecessary hardship, had one been made. This conclusion is supported by the facts found. The most that Mrs. Fico appears to have suffered is disappointment in not being able to open a new liquor package store of her own, but such disappointment in the use of property can hardly constitute practical difficulty or unnecessary hardship within the meaning of a zoning law or

regulation. *Prusik* v. *Board of Appeal,* 262 Mass. 451, 457, 160 N. E. 312.

There is no error.

In this opinion the other judges concurred except DICKENSON, J., who concurred in the result.