THE MABANK CORPORATION ET AL. *v.* BOARD OF ZONING APPEALS OF THE CITY OF STAMFORD ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, DALY and BORDON, Js.

Argued December 6, 1955—decided January 24, 1956

*Julius B. Kuriansky,* with whom was *Maurice J. Buckley,* for the appellants (plaintiffs).

*Arthur L. DiSesa,* assistant corporation counsel, with whom, on the brief, was *John M. Hanrahan,* corporation counsel, for the appellee (defendant board).

*George Dimenstein,* with whom was *Isadore M. Mackler,* for the appellee (defendant Vogt).

BALDWIN, J. The plaintiffs have appealed from a judgment of the Court of Common Pleas dismissing their appeal from the action of the defendant board of zoning appeals of Stamford in granting a variance of the zoning regulations to allow the defendant Hugo Vogt to relocate his restaurant establishment.

The record of the proceedings before the board discloses the following facts. Vogt has conducted a restaurant business, where intoxicating liquors are sold to be consumed on the premises, at 475 Atlantic Street in Stamford for several years past. The premises were condemned by the state of Connecticut for highway purposes in July, 1953. Vogt tried to find a suitable site within a radius of 750 feet from the premises condemned to which, under the regulations, he could remove without any action of the zoning authorities. Stamford Bldg. Zone Regs.,

§ 14 (3) (1951, as amended). No such site was available. Vogt then bought property on Summer Street in Stamford, intending to relocate his business there. This property is in a zone where restaurants selling liquor are permitted by the regulations. There is, however, one outlet for the sale of intoxicating liquor within 1100 to 1200 feet, and another nearly 1500 feet away. The zoning regulations (§ 14 [3]) do not allow a new outlet within a radius of 1500 feet from an existing one. Vogt applied to the defendant board for a variance. His former location on Atlantic Street was less than 750 feet from at least four other restaurants selling liquor. His removal to Summer Street would lessen the congestion of outlets. The relocation of his establishment was involuntary on his part and was necessary because of reasons entirely beyond his control. The public health, safety and welfare do not require a strict enforcement of the 1500-foot restriction, and the granting of the variance would be in harmony with the purpose and intent of the zoning regulations because the Summer Street site is within a zone where the regulations permit restaurants selling liquors.

The board granted the variance on July 12, 1954. The plaintiffs, who concededly are aggrieved persons, appealed to the Court of Common Pleas. The court rendered judgment dismissing their appeal.

The correctness of the court's judgment is challenged on two grounds, first, that the board was not empowered by law to grant a variance upon the facts; and second, that it acted arbitrarily, unreasonably and in abuse of its discretion. Section 18 (A)(5) of the regulations empowers the board "[t]o authorize . . . in specific cases variances from the terms of [the] regulations, where by reason of

exceptional shape, size or topography of lot, or other exceptional situation or condition of the building or land, practical difficulty or unnecessary hardship would result to the owners of said property from a strict enforcement of [the] regulations." The plaintiff argues that the authority of the board to grant a variance is confined to those instances where the difficulty or hardship arises because of the size, shape or topography of the lot or some peculiar situation or condition of the building or land. The decision of this case does not hinge upon the interpretation of this section of the regulations. Section 1 (A) of the regulations states that the zoning authorities, in adopting the regulations, purported to act in accordance with the general statutes of the state and the special acts relating to Stamford. Sup. 1947, c. 29 (Rev. 1949, c. 43); 25 Spec. Laws 444, 445; 26 Spec. Laws 257, 278, 288, 1234. They were legally justified in so acting. The Stamford charter confers the powers authorized by the General Statutes for zoning boards of appeal upon the board of zoning appeals of Stamford. 25 Spec. Laws 445. Section 842 of the General Statutes, which is contained in chapter 43, gives to the board power to vary the application of the zoning regulations "in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated a literal enforcement of such ... regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured." The power granted in the Stamford charter may not be limited

by any regulation which purports to restrict its exercise to cases wherein the undue hardship results solely from the size, shape or topography of the lot. 5 McQuillin, Municipal Corporations (3d Ed.) p. 97. So far as the question of the legal power in the board to grant Vogt's petition for a variance is concerned, we conclude that it could and did act under § 842 of the General Statutes.

We come now to the plaintiffs' second challenge to the court's judgment, to wit, their claim that the board acted illegally, arbitrarily, unreasonably and in violation of the spirit and purpose of the zoning regulations. Occasions for this court to prescribe the law governing appeals from the granting or the refusal of variances have been frequent. We have stated many times that the power to authorize variations of the provisions of the zoning regulations should be exercised sparingly and only under exceptional circumstances. *Talmadge* v. *Board of Zoning Appeals,* 141 Conn. 639, 643, 109 A.2d 253; see *Libby* v. *Board of Zoning Appeals,* 143 Conn. 46, 51 n., 118 A.2d 894. The facts in the case at bar unfold an exceptional situation and one substantially identical with that in *Nielsen* v. *Board of Appeals on Zoning,* 129 Conn. 285, 289, 27 A.2d 392. The holding in that case controls in this. The trial court could properly conclude that the action of the board was not beyond its powers or so arbitrary or unreasonable as to warrant judicial interference.

The case at bar is distinguishable from *Piccirillo* v. *Board of Appeals on Zoning,* 139 Conn. 116, 90 A.2d 647, upon which the plaintiffs rely. In that case, the petitioner to the board of appeals had been carrying on a poultry slaughtering business on premises which were condemned in order to erect a public housing project. He sought a waiver of the zoning

regulation prohibiting such a business in the zone where he proposed to relocate his poultry market. The appeal from the granting of the waiver or variance by the board was sustained by the trial court, and we affirmed that decision. The effect of the waiver granted by the board was to permit a use otherwise prohibited throughout the entire zone. In the case at bar, the use of the premises for a restaurant where liquors are sold is a permitted use. The requirement that no new liquor outlet shall be established within 1500 feet of an existing outlet pertains primarily to the location of one outlet with reference to another and not to the basic use to which the land in the zone may be put. The existence of established liquor outlets within 1500 feet of Vogt's premises on Summer Street had, as to the use of those premises, a peculiar effect and one which did not extend to the use of all the other property in the same zone. The present case also differs basically from many other cases such as *Berkman* v. *Board of Appeals on Zoning,* 135 Conn. 393, 64 A.2d 875, cited by the plaintiffs, where it was held that there was no practical difficulty or unusual hardship because the need for a variance arose out of some voluntary act on the part of the petitioner herself. Vogt's removal from his original location came about not through any will on his part but because his property was taken by the government for a public purpose.

The trial court was correct in rendering judgment dismissing the appeal and sustaining the board.

There is no error.

In this opinion the other judges concurred.