LEONARD LONGO *v.* BOARD OF ZONING APPEALS OF THE TOWN OF MILFORD

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued April 5—decided May 16, 1956

*Richard H. Simons,* for the appellant (plaintiff).

*Richard H. Lynch,* for the appellee (defendant).

DALY, J. The plaintiff appealed to the Court of Common Pleas from the action of the defendant, hereinafter called the board, in denying an application for a variance of the zoning regulations of the town of Milford. This appeal is taken by the plaintiff from the judgment of the court affirming the action of the board and dismissing the plaintiff's appeal.

The plaintiff owns premises, in the town of Milford, bounded on the north by Bridgeport Avenue and on the west by Avery Street. One part of his property is in a light industrial zone and the re-

mainder is in a B-2 business zone. Under a provision of the zoning regulations which permits the continuance of a nonconforming use, he sells alcoholic liquors in his restaurant at 717 Bridgeport Avenue, on the portion of his property which is in the light industrial zone. He desires to sell this portion and move his business to adjoining premises on the other portion. These premises, at 715 Bridgeport Avenue, are in the B-2 zone. Both locations are within 1500 feet of a building at 711 Bridgeport Avenue where alcoholic liquors are sold. Section 4 (A) of chapter 5 of the zoning regulations of the town provides: "In no case shall any building or premises . . . be permitted to be used for the sale of alcoholic liquors . . . except: 1. In a B-2 Business Zone and, 2. Where all parts of such building or premises are located more than 1500 feet from any building or premises where alcoholic liquors . . . are sold or the licensed sale thereof is permitted. . . ." The plaintiff sought a variance permitting the sale of alcoholic liquors at 715 Bridgeport Avenue. The regulations authorize the board to grant a variance in harmony with their general purpose and intent, and with due consideration for conserving the public health, safety, convenience, welfare and property values, solely with respect to a parcel of land "where owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of these Regulations would result in exceptional difficulty or unusual hardship, so that substantial justice will be done and the public safety and welfare secured." Milford Zoning Regs., c. 7, § 2 (B) (1954).

The plaintiff claims that the board, in denying his application, acted illegally, arbitrarily and in

abuse of its discretion, contending that its action bore no substantial relationship to the health, safety and general welfare of the community and exceeded the limitations and restrictions imposed upon it by law. The board was authorized to grant the variance only if a literal enforcement of the regulations "would result in exceptional difficulty or unusual hardship." Therefore, the sole question for determination is whether the record shows that the failure to grant the variance will result in exceptional difficulty or unusual hardship to the plaintiff. He does not assert that the premises to which he desires to move his business can be used only for the purpose for which the variance is sought. Neither does he maintain that for some reason beyond his control he will be prevented from carrying on his business at its present location. His alleged difficulty or hardship amounts to no more than disappointment in not being able to carry out his plan to sell a part of his property, to obtain the profits or benefits of such a sale, and to move his business to his adjoining premises. Disappointment in the use of property does not constitute exceptional difficulty or unusual hardship. *Berkman* v. *Board of Appeals on Zoning,* 135 Conn. 393, 399, 64 A.2d 875.

"We have stated many times that the power to authorize variations of the provisions of the zoning regulations should be exercised sparingly and only under exceptional circumstances." *Mabank Corporation* v. *Board of Zoning Appeals,* 143 Conn. 132, 136, 120 A.2d 149. "Economic loss, in and of itself, is not the decisive factor in determining whether a variance should be granted in a given case." *Libby* v. *Board of Zoning Appeals,* 143 Conn. 46, 51, 118 A.2d 894. The decisions of zoning authorities are to be overruled only when it is found that they have

not acted fairly, with proper motives, or upon valid reasons. *Devaney* v. *Board of Zoning Appeals,* 143 Conn. 322, 325, 122 A.2d 303; *McMahon* v. *Board of Zoning Appeals,* 140 Conn. 433, 438, 101 A.2d 284; *Mallory* v. *West Hartford,* 138 Conn. 497, 505, 86 A.2d 668. The burden of overthrowing the decision of the board rests squarely upon the plaintiff. *Devaney* v. *Board of Zoning Appeals,* supra, 326; *McMahon* v. *Board of Zoning Appeals,* supra; *DeFelice* v. *Zoning Board of Appeals,* 130 Conn. 156, 164, 32 A.2d 635.

The plaintiff claims that the board was operating without any fixed rules or standards to guide it and that consequently the court erred in sustaining its action. The board did have a standard, namely, the determination of the question whether a literal enforcement of the regulations would result in exceptional difficulty or unusual hardship.

We cannot say that the court erred in holding that the board did not act illegally, arbitrarily, or in abuse of its discretion in refusing to grant a variance, nor that the board exceeded the limitations and restrictions imposed upon it by law.

There is no error.

In this opinion the other judges concurred.