ROBERT R. GOLDBERGER, TRUSTEE, ET AL. *v.* ZONING
BOARD OF APPEALS OF THE CITY OF BRIDGEPORT ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued November 9, 1965—decided January 6, 1966

*George A. Saden,* with whom was *Sturges N.
Laros,* for the appellants (plaintiffs).

*Milton H. Belinkie,* with whom was *Alfred R.
Belinkie,* for the appellees (defendants Belinkie);

with him also was *John J. McGuinness,* for the appellee (named defendant).

*Albert L. Coles* and *Daniel D. McDonald* appeared as amici curiae.

MURPHY, J.   The zoning board of appeals in Bridgeport granted the application of Henry and Samuel Belinkie for a variance of the zoning regulations to permit them to move their liquor package store from 1650 Main Street to 1925 Main Street.   The plaintiffs appealed to the Court of Common Pleas, which rendered judgment sustaining the action of the board, and from that judgment the plaintiffs have taken this appeal.

There is no dispute on the principal facts in this case.   The state of Connecticut, at the time that the board heard this application on August 13, 1964, was in the process of acquiring by condemnation for highway purposes the property owned by the Belinkies on which they had conducted their package store for many years.   Since the trial in the Court of Common Pleas, the state has completed its acquisition, and the Belinkies have been ordered to move.   The Bridgeport zoning regulations prohibit the use of premises under certain liquor permits, including package store permits, within 1500 feet of other premises which are used for the sale of alcoholic liquor under tavern, restaurant, druggist or package store permits.   Bridgeport Zoning Regs., c. 17, § 2 (1960, as amended).   The store at 1925 Main Street is within 1500 feet of premises on which there are two druggist permits, three restaurant permits for beer only, two tavern permits, three package store permits and six restaurant permits.   To relocate their business at 1925

Main Street, the Belinkies require a variance waiving the 1500-foot restriction. The zoning regulation in Bridgeport which governs the power of the zoning board of appeals to vary the regulations substantially conforms to the language in General Statutes § 8-6 (3) and appears in the footnote.[1]

The named plaintiff is the owner of property at 1912 Main Street, which is across the street from and opposite 1925 and which he has agreed to lease to Mrs. Lillian Saden, another package store permittee being dislocated by the state highway program. She is also a plaintiff. As her present place of business is, however, within 500 feet of 1912 Main Street, she does not require a variance of the zoning regulations in order legally to move her business.[2] Both sides of Main Street in this area are zoned for business. The hardship upon which the Belinkies predicated their application for the variance was that their present location was being

---

[1] "[Bridgeport Zoning Regs., c. 21, § 2 (e) (1960, as amended).] GENERAL POWER OF VARIANCE. To determine and vary the application of these regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions specially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of these regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured."

[2] "[General Statutes] Sec. 30-52. PERMIT TO SPECIFY LOCATION AND REVOCABILITY. REMOVAL TO ANOTHER LOCATION. . . . If the site of any permit premises is taken or threatened to be taken in the exercise of the power of eminent domain, the [liquor control] commission may authorize the relocation of such permit premises to a new location, any local ordinance or general statute notwithstanding, provided such new location is zoned for business use and is within a radius of five hundred feet from the point, on the boundary of the overall site of the proposed taking, nearest to the site of such permit premises."

taken by route 25. The board did not state upon its records, as required by General Statutes § 8-7, the reason for its decision. In their joint brief, the Belinkies and the board both state: "The hardship . . . is the application of the 1500 foot law as it attaches to the parcel for which the variance is sought."

The owner of the property at 1925 Main Street, which the Belinkies had arranged to lease, did not join with them in their application for the variance and has not been made a party to either appeal. Hence, there is nothing in the transcript of the hearing by the board to indicate that the owner of the property makes any claim that the 1500-foot restriction creates a hardship to his property. As the trial court decided the case on the record before the board, it could not affirm the action of the board unless the evidence showed that the application of zoning to the particular premises at 1925 Main Street practically destroys or greatly decreases its value for any of the permitted uses to which it could reasonably be put and that the application of the 1500-foot restriction bears so little relationship to the purposes of zoning that, as to that property, the restrictive regulation is, in effect, confiscatory or arbitrary. *Libby* v. *Board of Zoning Appeals,* 143 Conn. 46, 51, 118 A.2d 894; *Ward* v. *Zoning Board of Appeals,* 153 Conn. 141, 143, 215 A.2d 104. We have carefully examined the evidence presented to the board and can find nothing in it to indicate, let alone prove, that the 1500-foot restriction has in any way affected the utilization of the proposed location for any permitted business use. It is totally insufficient to spell out a hardship as to that location.

The defendants claim that *Nielsen* v. *Board of*

*Appeals on Zoning,* 129 Conn. 285, 27 A.2d 392, and *Mabank Corporation* v. *Board of Zoning Appeals,* 143 Conn. 132, 120 A.2d 149, are authority for the contention which they advance in this case to sustain the action of the board. In 1941, the pertinent zoning regulation in Bridgeport which controlled the disposition of the *Nielsen* case and which substantially conformed to the language of § 428 of the 1930 Revision, which was in effect in 1941, did not include the limitation on the powers of the zoning board of appeals which localized the hardship to the particular property for which the variance was sought. *Nielsen* v. *Board of Appeals on Zoning,* supra, 288. Section 428 was amended in 1947, and the amended language, which is now General Statutes § 8-6 (3), has remained unchanged. Sup. 1947, § 126i; Rev. 1949, § 842. Therefore the *Nielsen* case does not support the defendants' position.

In the *Mabank* case, we held that inasmuch as the zoning regulations in force in Stamford in 1954 were adopted pursuant to the provisions of the general statutes, the power of the board of zoning appeals in that city could not be limited by a regulation which restricted variances to cases where the undue hardship resulted solely from the size, shape or topography of the lot for which the variance was requested. *Mabank Corporation* v. *Board of Zoning Appeals,* 143 Conn. 132, 134, 120 A.2d 149. In *Mabank,* however, the board made a finding of facts and stated its reasons for granting the variance. A-339 Rec. & Briefs 296. There, a restaurant permittee, whose premises were being taken by the state in the construction of the Connecticut Turnpike, sought a variance to allow him to locate his restaurant in another business zone

within 1500 feet of a competitive business. The board found that the new location was between 1100 and 1200 feet from that business and possibly a little less than 1500 feet from a similar outlet. The Stamford zoning regulations allowed the removal of a permit business within a distance of 750 feet. The applicant's restaurant was an unusually large establishment accommodating at least 800 patrons. There were at least four other restaurants with liquor permits within 750 feet of the applicant's business, and, owing to the magnitude of the applicant's operation, no suitable site was available within that distance. We held that, under the facts as established in that case, the variance was warranted. The permit was being moved from an area of moderate congestion of competitive outlets to one in which similar outlets were minimal. In the present case, the removal of the Belinkie business to 1925 Main Street would add one more outlet in an area already well saturated by liquor dispensing establishments.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.