VILLAGE BUILDERS, INC. [METROPOLITAN HOMES, INC., SUBSTITUTED PLAINTIFF] *v.* THE TOWN PLAN AND ZONING COMMISSION OF THE TOWN OF FARMINGTON

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued March 6—decided April 3, 1958

*Peter B. Sullivan,* with whom was *Paul W. Orth,* for the appellant (defendant).

*Irving S. Ribicoff,* with whom, on the brief, was *Louise H. Hunt,* for the appellee (plaintiff).

MURPHY, J. On September 13, 1954, the plaintiff was the owner of a fifty-acre tract of land in the Unionville section of the town of Farmington. The tract was located in an R 20 zone, in which the minimum lot requirements were approximately one-half an acre. Following a public hearing on that date, the defendant commission placed all but twelve acres of this property in an R 40 zone requiring approximately one-acre lots. On appeal to the Court of Common Pleas, the action of the commission was reversed. From that judgment the commission has appealed.

The reasons given by the commission for upgrading the property were that the change was a part of the over-all revised zone pattern for the town and the omission of this land from the pattern would show discrimination. At a prior executive session of the commission on June 17, 1954, it had been decided to change the property to R 40 because it "adjoins 120 acres [the plaintiff owns] in Avon which is zoned for acre lots . . . . This will also be consistent with the proposed zoning of the Menzel Property. It was suggested that if there is too much opposition it will always be possible to compromise on

R–30." Counsel for the commission concede that these reasons are invalid. The Avon property is zoned for lots of three-fourths of an acre. In this respect, the zone corresponds to an R 30 zone in Farmington. The Menzel property was and still is zoned R 20. The last reason violates all principles of good zoning.

The commission has not challenged the finding of facts or the conclusions of the trial court. Error is predicated solely on the admission in court of evidence which had not been offered at the hearing before the commission on September 13, 1954.

The appeal to the Court of Common Pleas was heard in November, 1956. The legislature in 1955 amended the statute (Cum. Sup. 1953, § 286c, formerly § 844) pertaining to zoning appeals. Cum. Sup. 1955, § 379d. The amendment provides in part that the court in reviewing the proceedings of a board of appeals shall "allow any party to such appeal to introduce evidence in addition to the contents of the record of the case returned by said board, if said record shall not contain a stenographic report or a complete mechanical recording of the entire proceedings before said board including all evidence presented to it." This statute also governs appeals from zoning commissions. Cum. Sup. 1955, § 381d; Nov. 1955 Sup., § N11. There was no stenographic report or mechanical recording of the September 13 hearing. Rather, the record consisted of a typewritten summarization by the commission's secretary of the statements of those who spoke in favor of, or in opposition to, the change. Counsel for the plaintiff specifically detailed the reasons why the proposed change would not be in harmony with a comprehensive plan and would be discriminatory. In view of the informal nature of proceedings before an ad-

ministrative board, the evidential facts in this statement by counsel were properly before the commission for consideration. *Parsons* v. *Board of Zoning Appeals,* 140 Conn. 290, 292, 293, 99 A.2d 149.

In elaboration of the reasons why the change was not in keeping with a comprehensive plan, the plaintiff, over objection of the commission, was permitted to introduce into evidence in the trial court a topographic map and the testimony of two expert witnesses, one in the planning and zoning field and the other in real estate. None of this evidence had been introduced before the commission, though it concerned facts which had been included in the presentation by counsel. As the record submitted by the commission did not contain either a stenographic report or a complete mechanical recording of the entire proceedings before it, the court acted in conformity with the new procedure in admitting the evidence. There is no ambiguity in the amended statute permitting additional evidence. *State ex rel. Cooley* v. *Kegley,* 143 Conn. 679, 683, 124 A.2d 898. The burden of proof to show that the commission acted improperly was on the plaintiff. *Devaney* v. *Board of Zoning Appeals,* 143 Conn. 322, 326, 122 A.2d 303. The purpose of the amendment (§ 379d) was to allow relevant evidence in order to assist the court in evaluating the action of the commission where the record was incomplete. The amendment makes such evidence admissible in the sound discretion of the court even though, as in this case, the evidence itself was not presented at the hearing before the commission and consequently it did not have an opportunity to consider the evidence in reaching the decision which was appealed.

There is no error.

In this opinion the other judges concurred.