ARTHUR A. YURDIN ET AL. *v.* TOWN PLAN AND ZONING COMMISSION OF THE TOWN OF FAIRFIELD ET AL.

WILLIAM J. BUSSER *v.* TOWN PLAN AND ZONING COMMISSION OF THE TOWN OF FAIRFIELD ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 6—decided July 8, 1958

*Herbert L. Cohen* and *Austin K. Wolf,* with whom were *Martin F. Wolf* and *George A. Saden,* for the appellants (plaintiffs) in the first case.

*Martin F. Wolf,* with whom were *Herbert L. Cohen, Austin K. Wolf* and *George A. Saden,* for the appellant (plaintiff) in the second case.

*Raymond W. Beckwith,* for the appellee (named defendant) in each case.

*Samuel E. Friedman,* with whom were *Arthur Levy, Jr.,* and, on the brief, *Irwin E. Friedman* and *Albert J. Kleban,* for the appellee (defendant Turnpike Associates, Inc.) in the first case.

MURPHY, J. Pursuant to legal publication and duly warned public hearing, the town plan and zoning commission of the town of Fairfield, in executive session on September 26, 1956, unanimously voted to

amend the zoning map and zoning districts of the town by changing the zone boundaries of certain areas in the immediate vicinity of the intersection of Black Rock Turnpike and Stillson Road. The plaintiffs are neighborhood property owners and residents. They opposed the changes before the commission and appealed from its decisions to the Court of Common Pleas. From the judgments dismissing the appeals and affirming the action of the commission, the plaintiffs have appealed to this court.

Black Rock Turnpike in this area is a segment of route 58, a main traffic artery extending northwesterly from Bridgeport to Danbury. Stillson Road extends southwesterly from Fairfield Woods Road across Black Rock Turnpike and connects with North Benson Road to provide a direct route from the Stratfield section of Fairfield to the center of town. The principal Merritt Parkway interchange for Fairfield is on the Black Rock Turnpike about a mile and three quarters north of Stillson Road.

We shall treat Black Rock Turnpike in this area as running north and south and Stillson Road east and west, in order to simplify the description of the area. These directions accord with the general understanding in the locality as expressed at the public hearing before the commission. Each of the four corners at the intersection is zoned for, and occupied by, business establishments. A bank is located on the southwest corner. The area immediately south of the bank for a distance of more than 1300 feet on Black Rock Turnpike is zoned neighborhood business 1 to a depth of 200 feet. The permitted uses in this zone are more limited and restricted than in a full business zone. The land to the south and west of this area is in a residence zone. Turnpike Associates, Inc., owns 315 feet of the neighborhood business

frontage. It petitioned the commission to deepen, on its property, the neighborhood business zone to a depth of 400 feet. A similar petition had been denied the year before. The commission itself proposed extending the neighborhood business 1 zone southerly along Black Rock Turnpike a distance of 110 feet, to a point 80 feet north of Burroughs Road, and extending its depth to 400 feet at the southerly end and to a point on Stillson Road 370 feet west of Black Rock Turnpike and in the rear of the bank property. This proposal was adopted. The denial of the 1955 petition of Turnpike Associates did not preclude the commission from acting as it did. *Winslow* v. *Zoning Board,* 143 Conn. 381, 390, 122 A.2d 789.

Joseph T. and Margaret Dolan own the property on the northwest corner of the intersection. The corner lot, fronting 120 feet on Black Rock Turnpike, is zoned for business to a depth of 110 feet on Stillson Road. The area to its north on Black Rock Turnpike for upwards of 1000 feet is similarly zoned but to a depth of 200 feet. The commission changed the zone of a lot on Stillson Road adjoining the corner lot from residence to business so that the business zone on the turnpike north of Stillson Road would have a uniform depth. In addition, it also changed from residence to neighborhood business 1 property of the Dolans and John H. Halfpenny on Stillson Road immediately west of the 200-foot-deep business zone. This property is 100 feet wide and over 300 feet deep. It provides space for off-street parking for the business area and is a transitional zone from the business zone to the residential property on the west.

The east side of Black Rock Turnpike south of a gasoline station on the southeast corner is zoned neighborhood business from Stillson Road to Bur-

roughs Road, a distance of over 1500 feet. The northeast corner is occupied by an automobile service and gasoline station. The area to the north of it is also zoned for business for several hundred feet. From Fairfield Woods Road on the north to Burroughs Road on the south, both sides of Black Rock Turnpike are lined with business establishments ranging from appliances to upholstering and including most enterprises ordinarily to be found in a community shopping center.

The action of the commission did not constitute spot zoning, as claimed by the plaintiffs. It extended the existing business zone into a residence area by giving that area the same or a more limited business classification. This was in accord with the comprehensive plan and for the general welfare of the community. *Levinsky* v. *Zoning Commission,* 144 Conn. 117, 124, 127 A.2d 822; *Hills* v. *Zoning Commission,* 139 Conn. 603, 609, 96 A.2d 212.

In argument before this court, great stress was laid by the plaintiffs on the action of the commission in conferring, in executive session following the public hearing, with two of its employees, the planning director and the planning technician, and in considering reports of studies they had previously made for the commission. These reports were part of the commission records. One had been made and submitted to the commission in 1952. Report No. 11, an outline for a business land use plan, was dated February 2, 1955. It was marked as a plaintiffs' exhibit at the commission's public hearing, and its contents were used in presenting the plaintiffs' opposition to the proposed changes. The other report, on the growth of Fairfield, was submitted to the commission on January 17, 1956. The appendix to the plaintiffs' briefs indicates that these reports were dis-

cussed by the commission before it acted on the proposed changes. The record does not indicate that either the director or the technician spoke in favor of or opposition to any of the changes, nor does it show any attempt upon their part to influence the commission in its decision. The commission did not exceed its authority or violate any rights of the plaintiffs when it had the reports and population maps explained by the trained personnel who prepared them for the commission. It must be borne in mind that the commission is composed of laymen. That they are entitled to professional, technical assistance in doing the statistical work required to enable them to carry out the responsibilities of their office is necessarily implied in the legislation creating the commission and outlining its duties.

The only other claim of the plaintiffs which requires attention pertains to a ruling on evidence in the Yurdin case. The plaintiffs offered the testimony of a real estate expert long familiar with the area to show that conditions in the area had not changed since the denial of the 1955 petition of Turnpike Associates. This evidence was submitted because there was no stenographic report or complete mechanical recording of the entire proceedings before the commission. Cum. Sup. 1955, §§ 379d, 381d; Nov. 1955 Sup., § N11; see *Village Builders, Inc.* v. *Town Plan & Zoning Commission,* 145 Conn. 218, 220, 140 A.2d 477. The court sustained the objection to this line of testimony. As the action of the commission was taken upon its own proposal for extending the neighborhood business zone and not upon the 1956 application of Turnpike Associates, the exclusion of this evidence was harmless. Furthermore, the rule that zone changes should not ordinarily be made after prior denial of them unless there have been substan-

tial changes in the area does not necessarily apply to a commission when it is acting in a legislative capacity. *Winslow* v. *Zoning Board,* 143 Conn. 381, 390, 122 A.2d 789; *Suffield Heights Corporation* v. *Town Planning Commission,* 144 Conn. 425, 430, 133 A.2d 612.

The reasons given by the commission for each of its three changes were fully supported by the evidence before it, and the changes are in harmony with both the comprehensive plan and the town plan relating to the development of a community shopping center in this general area. Courts cannot usurp the authority of the local zoning agency. " 'The circumstances and conditions in matters of zone changes and regulations are peculiarly within the knowledge of the zoning commission. Where it appears that an honest judgment has been reasonably and fairly exercised after a full hearing, courts should be cautious about disturbing the decision of the local authority.' *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 710, 88 A.2d 538. Courts must not and legally cannot substitute their own discretion for the wide and liberal discretion enjoyed by zoning agencies." *Couch* v. *Zoning Commission,* 141 Conn. 349, 359, 106 A.2d 173.

The court correctly held that the plaintiffs had failed to establish that the action of the commission was illegal, arbitrary or in abuse of its discretion.

There is no error in either case.

In this opinion the other judges concurred.