THE MORAMA CORPORATION *v.* TOWN COUNCIL OF THE TOWN OF WEST HARTFORD ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued June 5—decided June 30, 1959

*Samuel Freed,* assistant corporation counsel, for the appellants (defendants).

*Edward S. Rogin,* with whom was *Jerome E. Caplan,* for the appellee (plaintiff).

KING, J. The plaintiff owned a tract of about eighteen acres of undeveloped land in West Hartford on the northwest corner of South Main Street and New Britain Avenue. Most of it was in a residence zone. On January 13, 1956, the plaintiff petitioned the town plan and zoning commission for approval of a subdivision development plan for a shopping center. The petition followed the provisions of § 15 of the West Hartford zoning ordinance, quoted and construed in *Clark* v. *Town Council*, 145 Conn. 476, 481, 144 A.2d 327. On March 5, a hearing was held and witnesses were produced by the plaintiff and by objectors. On March 14, the commission, by a four to one vote, recommended that the petition be granted except for one change not material to the present controversy. Under the provisions of § 15, the plan, with the recommendation, was submitted for approval to the defendant town council, which in effect is the zoning commission of West Hartford. *Sullivan* v. *Town Council*, 143 Conn. 280, 288, 121 A.2d 630. The council held a hearing on April 16, and witnesses appeared for and against the plan. On April 24, the council unanimously rejected the plan, giving no reasons. The plaintiff appealed to the Court of Common Pleas, which sustained the appeal, reversed the decision of the council, and ordered it forthwith to change the zoning of the tract in accordance with the plan. From that judgment this appeal is taken.

Complete stenographic notes of the hearing before the council were taken, but prior to the trial of this appeal it was discovered that they had been lost before they were transcribed, so that a complete transcript of the hearing before the council was not available. Consequently, under the provisions of what are now §§ 8-8—8-10 of the 1958 Revision, each

party could introduce relevant evidence, in addition to the record, at the hearing of the appeal. *Village Builders, Inc.* v. *Town Plan & Zoning Commission,* 145 Conn. 218, 221, 140 A.2d 477; *Yurdin* v. *Town Plan & Zoning Commission,* 145 Conn. 416, 421, 143 A.2d 639. The parties entered into a stipulation, the material parts of which are as follows: "[The] matter shall be referred to Honorable Thomas J. Molloy who shall hear said cause, as a Committee, in accordance with . . . [§ 8-8 of the 1958 Revision]. . . . [N]o witnesses may testify before the Committee other than those who testified at the hearing before the Town Council . . . ." The court ordered the case referred to Judge Molloy, "as a Committee, to hear the evidence and report the facts to this court." Both the stipulation and the order of reference proceeded under the portion of § 8-8 applicable where the record does not contain a stenographic report or a complete mechanical recording of the entire proceedings, as distinguished from the portion of the statute which allows the taking of additional testimony where it is necessary for the equitable disposition of the appeal.

Had the court itself tried this appeal, without the intervention of the committee, it would have been its duty to hear the evidence and determine, on that evidence and on the record of the proceedings of the council submitted in accordance with what is now § 8-8 as construed in *Cohen* v. *Board of Appeals on Zoning,* 139 Conn. 450, 453, 94 A.2d 793, whether the plaintiff had sustained the burden of proving the over-all issue, that is, that the denial of its petition by the council was illegal or so unreasonable and arbitrary as to amount to an abuse of discretion. *Clark* v. *Town Council,* 145 Conn. 476, 482, 144 A.2d 327. The action of the council was legislative; af-

firmative action would have in effect created an entirely new business zone subject to regulations peculiar to that type of zone. Id., 484.

In testing the action of the council, the court, had there been no committee, would not have judged the credibility of the evidence, at least unless the evidence was so incredible that its acceptance by the council would be so unreasonable and arbitrary as to transcend its powers. Section 8-8 provides that evidence, in addition to the contents of the record which is required to be returned to the court, can be introduced if that record, as was the case here, does not contain a complete report of the entire proceedings before the local body. The statute further provides that the "court may take such evidence or appoint a . . . committee to take such evidence as it directs and report the same to the court, with . . . findings of facts and conclusions of law, which report shall constitute a part of the proceedings upon which the determination of the court shall be made." It is apparent that the basic appellate function of the court does not vary, whether it takes the evidence itself or through the medium of a committee, as was the course followed here. The stipulation merely provided for reference to a committee as permitted by the statute, except that the witnesses were to be limited to those who had appeared before the council. Section 8-8, in providing that a committee might take evidence and report it to the court with findings of fact and conclusions of law, necessarily did not contemplate that the committee would perform the fact-finding functions of a committee in an ordinary reference made under chapter 14 of the Practice Book. Rather, the statute contemplated the performance by the committee of certain of the functions of the court in its determination of a zoning

appeal. Thus, in a case such as this, where evidence is introduced because the record of the evidence before the local agency is lacking or incomplete, the statute means that the committee, in accordance with the terms of the order of reference, should make a finding of (1) what the evidence was as distinguished from what was proven by it, or (2) what facts most favorable to sustaining the action appealed from could reasonably and legally have been found by the local agency on the assumption that the same evidence had been before the agency, or (3) both. See *Schultz* v. *Zoning Board of Appeals*, 144 Conn. 332, 334, 130 A.2d 789. In this case, the order of reference should have stated more precisely which of the functions authorized by the statute the committee was to perform.

The committee performed part of the function of the court but manifestly had no greater powers than the court itself would have had if there had been no committee. The function of the committee, as would have been the function of the court had there been no committee, was to determine, not what evidence it believed or what inferences it chose to draw, but what evidence the council could have believed and what inferences it could have drawn therefrom without acting illegally or so arbitrarily or unreasonably as to invalidate its action. When the committee finished its hearings, its report should have supplied the court with the information it needed for applying to the action of the council the same test as the court would have applied had it heard the evidence itself. Neither the committee nor the court, had there been no committee, could usurp the function of the council in passing on the credibility of the evidence before it and determining the facts which it found proven by that evidence.

That the committee constituted itself the judge
of the credibility of the evidence presented before
it is clearly demonstrated in its carefully prepared
memorandum explaining its refusal to make certain
corrections in its report—corrections which were
sought by the council. The refusal was on the
ground that the committee "chose to find the facts"
as it did on conflicting evidence. In this there was
error. *Hoffman* v. *Kelly,* 138 Conn. 614, 619, 88 A.2d
382. It may well be that this action of the commit-
tee was in part due to the confusing use of the am-
biguous phrase "trial de novo" in the course of a
discussion between counsel and the committee as to
the effect of the stipulation. See *DeMond* v. *Liquor
Control Commission,* 129 Conn. 642, 646, 30 A.2d
547. There is, however, no suggestion of intentional
misconduct on the part of counsel, and there is no
justification for placing a construction upon the stip-
ulation, which expressly referred to what is now
§ 8-8, which would be contrary to that statute and
would illegally substitute the opinion of the com-
mittee on the credibility of evidence for the opinion
of the council. Since the error was basic, the report
cannot stand.

We point out that it would be helpful if counsel
would file with the committee, in advance of a new
report, proposed findings, consistent with this opin-
ion, for inclusion in the report. By so doing, motions
to correct the report might be limited in number if
not entirely eliminated. The other matters assigned
as error, in so far as they are not covered in what
has already been said, are either unlikely to arise
under the new report or cannot be finally determined
upon the present record.

There is error, the judgment is set aside and the
case is remanded with direction to reject the report

of the committee and proceed thereafter according to law.

In this opinion the other judges concurred.