The defendants Yanosik petitioned the zoning board of appeals of the city of Bridgeport for a variance of the use requirements of the zoning regulations of that city to permit the construction of a medical office building in a residence A zone. On 8 December, 1960, the board granted the petition, from which action this appeal was taken by neighbors of the subject premises.
The return of the defendant city contains, inter alia, a notation that, "[d]ue to a failure of the recording machine, the mechanical recording of the public hearing could not be transcribed." It does not show that the board stated upon its records the reason why the variance was granted. See General Statutes § 8-7. The record thus presented is totally devoid of a basis upon which this court can review the proceedings of the board. Hence, the issue presented is simply whether or not this court may take evidence to enable it to pass upon whether or not the board exercised its discretion within the limits of the law.
This question arises in this form for the first time. The relevant section of the statutes is § 8-8, the material portion of which, prior to its amendment in 1959, read: "The court, upon such appeal, shall *Page 8 
review the proceedings of said board and shall allow any party to such appeal to introduce evidence in addition to the contents of the record of the case returned by said board, if said record does not contain a stenographic report or a complete mechanical recording of the entire proceedings before said board including all evidence presented to it, or if, upon the hearing upon such appeal, it appears to the court that additional testimony is necessary for the equitable disposition of the appeal." The 1959 session of the General Assembly adopted Public Act No. 460, which, in § 2, struck out of § 8-8 the words ". . . if said record does not contain a stenographic report or a complete mechanical recording of the entire proceedings before said board including all evidence presented to it, or . . . ." Section 1 of Public Act No. 460 consisted of what is now § 8-7a
of the General Statutes, which makes it mandatory for the board of appeals to call in a competent stenographer to take evidence, or cause the same to be recorded by a sound-recording device, in each hearing in which the right of appeal lies to the Court of Common Pleas.
The patent intent of the legislature is thus to eliminate, from those reasons for which the court may take evidence additional to the contents of the record, the failure of that record to contain a stenographic report or mechanical recording of the proceedings before it. That intent is expressed not only in striking from § 8-8 the former permissive language but also in adopting § 8-7a, which commands the board to make such a transcript. Stated otherwise, the Assembly has required a transcript in all cases subject to appeal to this court and has stricken from the law the authority of the court to entertain supplementary evidence where, as here, the reason for so doing would be only the failure of the record to contain such a transcript. Further proof of the *Page 9 
intent of the General Assembly can be found in the legislative history of the bill. Lee v. Lee, 145 Conn. 355,358 (1958). Its title reads, "An Act concerningMandatory Stenographic Reports in Hearings before Zoning Boards of Appeal" (italics supplied). S.B. 98, 1959 Sess.; see Sullivan v. Town Council,143 Conn. 280, 287 (1956). The statement of purpose of the original bill is to the same effect. SeeSullivan v. Town Council, supra, 285; Hearings before the Joint Standing Committee on Judiciary Governmental Functions, 1959 Sess., p. 909; S. Jour., 1959 Sess., p. 1029; H. Jour., 1959 Sess., p. 1574.
On this appeal, the court must determine whether or not the plaintiffs have sustained their burden of proving that the board acted improperly. FerndaleDairy, Inc. v. Zoning Commission, 148 Conn. 172,175 (1961); Pecora v. Zoning Commission,145 Conn. 435, 444 (1958); Village Builders, Inc. v.Town Plan Zoning Commission, 145 Conn. 218,221 (1958); Longo v. Board of Zoning Appeals,143 Conn. 395, 399 (1956); Devaney v. Board of ZoningAppeals, 143 Conn. 322, 326 (1956). This is impossible with the record in its present state. A simple and practical solution to this problem would be for the parties to return to the board, rehold the hearing and take the transcript. To this procedure the defendants Yanosik object, and move instead that this court entertain evidence in addition to the record. It is to this motion that this opinion is addressed.
Can the court do this in the face of the 1959 amendment to § 8-8 discussed above? The court has no authority to remand this case and order a rehearing and the taking of a transcript. Such authority is simply not in the law. Watson v. Howard,138 Conn. 464, 470 (1952). The legislature might well have inserted such authority in the act to provide a solution for the present problem, but it did *Page 10 
not do so, even though the cited case was decided prior to Public Acts 1959, No. 460. "The legislature is presumed to be aware of the interpretation which the courts have placed upon one of its legislative enactments and of the effect that its own nonaction, thereafter, may have." Herald Publishing Co. v.Bill, 142 Conn. 53, 63 (1955). It may be that the Assembly overlooked the possibility of a dilemma such as here arises. Be that as it may, this court "may not, by construction, supply omissions in a statute . . . merely because it opines that good reason exists for so doing." Bailey v. Mars, 138 Conn. 593,598 (1952).
What course to follow? The plaintiffs cannot sustain their burden of proof, and hence the possible solution presents itself of dismissing the appeal for that reason. But the plaintiffs are entitled to their appeal (General Statutes § 8-8), have followed the law, and are unable to have a determination made on this record, through no fault of their own. It is the zoning board of appeals which is charged by law (§ 8-7a) with the responsibility of taking the transcript. Hence, to deny the plaintiffs their right on this technicality would be inequitable. It is interesting to note in passing that it is the plaintiffs who object to the course of taking evidence in this court, arguing that the lack of a record entitles them to judgment; they offer, however, no authority for such a result. This is not a case such as Watson
v. Howard, supra, where such a result should be decided upon, since the illegality in the proceeding there, namely the disqualification of one of the board members, went to the core of the issue itself. Here, the flaw in the proceeding is an incidental one, not invalidating the substance of the board's decision, and not chargeable as a conscious fault to any of the parties. It partakes more of the nature of a failure of the board to comply with the statutory requirement (§ 8-7) to state upon the record its *Page 11 
reasons for granting a variance. This provision is directory only, and failure to comply with it does not make the action of the board void. Corsino v.Grover, 148 Conn. 299, 310 (1961).
Remand, then, is without the power of the court. Dismissal is a denial to the plaintiffs, the appellants, of the right guaranteed by the statute. It hence appears that the only way in which to achieve the "equitable disposition of the appeal" contemplated by § 8-8 is to take additional evidence. It remains to be seen whether this course is forbidden by the statute. From what has been said, it is apparent that the General Assembly intended a transcript to be made. When it struck from the reasons for taking additional evidence the failure to make such a transcript, it could hardly have intended that there be no appeal in such a case. If so, it could easily have so stated, or provided another procedure. It left in the statute authority for the court to take evidence to ensure an equitable disposition of appeals. Interpretation of the 1959 amendment to mean that where no transcript is taken there can be no further evidence would leave the court powerless to provide any basis upon which to decide the issue and would result in an absolute impasse. On the contrary, a sensible construction is that, in the statute in its present form, the legislature intended to provide a basis for a determination of the appeal. This interpretation would have the weight of authority with it. Where a law is susceptible of two constructions, one of which will avoid an absurd or ridiculous result, a court is warranted in assuming the legislature's intent was to obtain a rational and sensible result. Muller v. Town Plan Zoning Commission,145 Conn. 325, 331 (1958); Bergner v. State,144 Conn. 282, 288 (1957); Bridgeport v. Stratford,142 Conn. 634, 644 (1955).
 The 1959 amendment reenacted §