SEYMOUR LONDON ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF BRIDGEPORT ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

412

Argued February 5—decided March 26, 1963

*Martin F. Wolf,* with whom were *Aaron B. Schless* and, on the brief, *Austin K. Wolf,* for the appellants (plaintiffs).

*Burton J. Jacobson,* with whom, on the brief, was *Alfred A. D'Amore,* for the appellees (defendants Yanosik); with him also was *John J. McGuiness, Jr.,* for the appellee (named defendant).

SHEA, J. In November, 1960, the defendants Ida J. and Harold Yanosik applied to the zoning board

of appeals of Bridgeport for a variance of the zoning regulations to permit the construction of a medical office building on premises in a residence A zone. The board granted the application. The plaintiffs, neighboring property owners and aggrieved persons within the meaning of § 8-8 of the General Statutes, appealed to the Court of Common Pleas, which affirmed the decision of the board. The plaintiffs have appealed to this court.

The return of the board contained the following notation: "Due to the failure of the recording machine, the mechanical recording of the public hearing could not be transcribed. Therefore, there is no transcript available of the public hearing held on . . . [the] petition." The board also failed to comply with the statutory requirement that it shall state upon its records the reason why the variance was granted. General Statutes § 8-7. Thus, the record as presented provided no basis on which the court could review the proceedings of the board. The defendants requested the court to take evidence to furnish a basis for deciding the appeal. After a preliminary hearing on this request, the court concluded that the failure of the board to return a transcript of the proceedings did not render the action of the board invalid and decided to allow the defendants to introduce evidence to reconstruct that which was before the board. The court also decided to allow any additional evidence which would enable it properly to understand the case. *London* v. *Zoning Board,* 23 Conn. Sup. 6, 175 A.2d 709. Thereafter, the court heard the evidence, concluded that the board did not act arbitrarily, illegally or in abuse of its discretion and dismissed the plaintiffs' appeal.

The plaintiffs contend that the court erred in

allowing the introduction of evidence and that the failure of the board to comply with § 8-7a of the General Statutes renders the action of the board invalid. Section 8-7a provides: "The zoning commission and zoning board of appeals shall call in a competent stenographer to take the evidence, or shall cause the evidence to be recorded by a sound-recording device, in each hearing before such commission or board in which the right of appeal lies to the court of common pleas." Section 8-8 provides that any person aggrieved by any decision of a zoning board of appeals may take an appeal to the Court of Common Pleas. When an appeal is taken, the board is required to return to the court either the original papers acted upon by the board, constituting the record of the case appealed from, or certified copies thereof. Under this requirement, the board must return forthwith either the original or a certified copy of the petition or application on which it has acted, the minutes of the proceedings before it and of the executive action taken by it, a transcript of the proceedings, all exhibits considered by it, and a copy of the relevant and material zoning regulations. See *Cohen* v. *Board of Appeals on Zoning*, 139 Conn. 450, 453, 94 A.2d 793. Section 8-8 also provides that: "The court, upon such appeal, shall review the proceedings of said board and shall allow any party to such appeal to introduce evidence in addition to the contents of the record of the case returned by said board if, upon the hearing upon such appeal, it appears to the court that additional testimony is necessary for the equitable disposition of the appeal."

Since 1925, the law has permitted the court to take evidence if it appeared that testimony was necessary for the equitable disposition of the ap-

peal. Public Acts 1925, c. 242, § 13; Rev. 1930, § 429; Rev. 1949, § 844. Until 1955, the court in the proper exercise of its discretion could hear evidence when the record failed to present the hearing in sufficient scope to determine the merit of the appeal or when some extraordinary reason required it. *Devaney* v. *Board of Zoning Appeals,* 143 Conn. 322, 324, 122 A.2d 303. This was done to determine what facts and considerations were presumptively in the minds of the board when it acted. *Schultz* v. *Zoning Board of Appeals,* 144 Conn. 332, 334, 130 A.2d 789; *Berkman* v. *Board of Appeals on Zoning,* 135 Conn. 393, 397, 64 A.2d 875.

In 1955, the law relating to the introduction of evidence before the court was amended.[1] If the record did not contain a stenographic report or complete mechanical recording of the entire proceedings before the board, including all evidence presented to it, each party had a right to introduce evidence on the appeal. *Morama Corporation* v. *Town Council,* 146 Conn. 588, 590, 153 A.2d 431; *Village Builders, Inc.* v. *Town Plan & Zoning Commission,* 145 Conn. 218, 221, 140 A.2d 477. The amendment became a part of § 8-8. In 1959, the General Assembly passed an act entitled, "An Act concerning Mandatory Stenographic Reports in Hearings before Zoning Commissions and Zoning Boards of Appeal." Public Acts 1959, No. 460. Section 1 of that act is now General Statutes § 8-7a

---

[1] "Sec. 379d [subsequently appearing as § 8-8 of the General Statutes]. APPEALS FROM BOARD TO COURT. . . . The court, upon such appeal, shall review the proceedings of said board and shall allow any party to such appeal to introduce evidence in addition to the contents of the record of the case returned by said board, if said record shall not contain a stenographic report or a complete mechanical recording of the entire proceedings before said board including all evidence presented to it . . . ."

as quoted above. Section 2 struck out the portion of
§ 8-8 which allowed any party to an appeal to in-
troduce evidence in addition to the contents of the
record of the case returned by the board, "if said
record does not contain a stenographic report or a
complete mechanical recording of the entire pro-
ceedings before said board including all evidence
presented to it." By its action, the General Assem-
bly made it mandatory for the board to provide
the means by which a transcript of the evidence
heard before it would be available for the purpose
of furnishing a full record of the proceedings for
a proper review by the court in case of an appeal.
To bring about a proper enforcement of this legis-
lation, the General Assembly struck from § 8-8 the
language last quoted. Thus, the General Assembly
not only made it mandatory for the zoning author-
ity to provide a transcript of its proceedings on
appeal but, by striking out the portion of § 8-8
which formerly permitted the introduction of evi-
dence to reconstruct the proceedings before the
board when no transcript was available, took away
any possibility of evading the mandate.

Obviously, the requirement that a proper tran-
script of the evidence be provided for use on appeal
would be deprived of much of its force if the parties
were still permitted to introduce evidence in court
as to what had taken place before the board. Hear-
ings before zoning authorities often involve diffi-
cult, complex matters which consume substantial
time for their proper presentation. The importance
of the problems presented frequently requires the
testimony of a large number of witnesses, including
experts in various fields of professional endeavor.
Because of the difficulty in attempting to recon-
struct evidence which may have been heard by the

board long before the trial of the case on appeal, the need for a proper and complete record on which the court can review the proceedings before the board becomes increasingly important. For these reasons, it is not difficult to understand why the General Assembly amended the law as it did in 1959. The confusion and the uncertainty which had developed during the course of some of the appeals from zoning authorities were no doubt partially responsible for these changes. See, for example, *Beach* v. *Planning & Zoning Commission,* 141 Conn. 79, 80, 103 A.2d 814; *Morama Corporation* v. *Town Council,* 146 Conn. 588, 153 A.2d 431.

When the plaintiffs appealed from the decision of the board, the statute required it to furnish a transcript of its proceedings. § 8-8. The absence of a transcript deprived the court of a proper record on which to review the proceedings of the board. Section 8-7a benefits an aggrieved person who, by reason of the failure of the board to present a transcript to the court on appeal, is deprived of a reasonable opportunity of sustaining his burden of showing illegality on the part of the board. See *Longo* v. *Board of Zoning Appeals,* 143 Conn. 395, 399, 122 A.2d 784. The failure to comply with the requirements of § 8-7a does not make the action of the board void. Such a failure does, however, render the board's action voidable at the option of an aggrieved person who institutes a proper appeal to the Court of Common Pleas.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.