[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the instant matter the return of record does not contain a transcript of the stenographic or sound recording of the public hearing as required by 8-7a of the Connecticut General Statutes.
The plaintiffs have filed a motion requesting the introduction of evidence in addition to the contents of the record as filed. The defendants oppose the introduction of such evidence and urge that the record, which does contain a summary of the hearing, is sufficient for purposes of this appeal.
Section 8-8(e) of the Connecticut General Statutes provides in pertinent part as follows:
 The court, upon an appeal taken under subsection (a) of this section, shall review the proceedings of said board and shall allow any party to such appeal to introduce evidence in addition to the contents of the record of the case returned by said board if the record does not contain a complete transcript of the entire proceedings before said board, including all evidence presented to it, pursuant to section 8-7a, or if, upon the hearing upon such appeal, it appears to the court that additional testimony is necessary for the equitable disposition of the appeal.
This statute has had an interesting history. In 1955, its predecessor (379d Conn. Sup. 1955) provided each party with the right to introduce evidence to the court upon appeal in addition to the record submitted to the court "if said record shall not contain a stenographic report or a complete mechanical recording of the entire proceedings before said board including all evidence presented to it."
In 1959, 8-7a was enacted which provided as follows:
 The zoning commission and zoning board of appeals shall call in a competent stenographer to take the evidence, or shall cause the evidence to be recorded by a sound-recording device, in each hearing before such commission or board in which the right of appeal lies to the superior court.
At the same time the legislature eliminated that portion CT Page 2124 of the statute that allowed the introduction of evidence when there was no stenographic report or complete mechanical recording.
The Supreme Court thereafter held that a stenographic report or complete mechanical recording was mandatory and that the failure to create the same rendered the action of the agency voidable London v. Zoning Board of Appeals, 150 Conn. 411
(1963).
As a result of London, the legislature enacted Public Act 63-45 (now 8-8(e)), which for all intents and purposes was a reincarnation of 379d Conn. Sup. 1955.
In dealing with the predecessor to 8-8(e) the Supreme Court in Schultz v. Zoning Board of Appeals, 144 Conn. 332, 334
held that in a zoning appeal where the application was not contained in the record the defect "had to be cured by the court's taking evidence as is permitted by the statute. . . ." [Emphasis added]
It is the opinion of this court that the words "shall allow" as contained in 8-8(e) are mandatory and that whenever there is no complete transcript of the entire proceedings any party to such appeal may introduce evidence to the court to complete the record.
Accordingly, the parties are ordered to contact the clerk of this court to schedule an evidentiary hearing to reconstruct the record.
Frederick A. Freedman, Judge