[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Helen A. Lillis appeals a decision of the defendant Zoning Commission of New Milford (commission) granting the applications of the defendant Cross Brook Developers, LLC (Cross Brook) for a special permit and site plan approval to excavate for a residential development. A separate appeal is before the court from the granting of the special permit to construct an active adult community development.[1] The commission acted under General Statutes § 8-3c, and the plaintiff appeals pursuant to General Statutes § 8-9. CT Page 8641
The defendant, Cross Brook, applied for a special permit and site plan approval on or about August 2, 2001. The application sought permission to "excavate to prepare site to build residential development/active adult community." (Return of Record (ROR), 1, p. 2.) The property is located on 18 Aspetuck Ridge Road, New Milford and is zoned R-40, residential zone. (ROR, 1.) At the time the application was filed, an application for a special permit to develop an active adult community was pending. A public hearing was held on August 28, 2001, and on September 25, 2001, the commission approved the application to allow the excavation activity. (ROR, 34, pp. 5-6.) On October 5, 2001, notice of the commission's decision appeared in the New Milford Times. This appeal followed.
The plaintiff filed her brief on March 1, 2002; the defendant Cross Brook filed its brief on April 29, 2002; and the defendant commission filed its brief on May 6, 2002. The defendant commission filed the return of record on December 18, 2001, with supplements filed on January 22, 2002 and May 6, 2002. The court heard testimony and oral argument on May 20, 2002.
The court addresses the following issues raised by the plaintiff in this appeal.[2] The plaintiff argues that the applications violated provisions of the New Milford zoning regulations that prohibit excavation within fifty feet of property line, § 140-050, and that require plans to be submitted showing contours within fifty feet of the excavation. She also claims that the commission failed to submit a transcript of the public hearing as required General Statutes § 8-7a and otherwise failed to document its reasons for approving the applications, as required by General Statutes § 8-26e. Finally, the plaintiff asserts that the commission failed to give due consideration to the report of the inland wetlands agency before issuing its decision. In these ways, the plaintiff argues, the commission acted arbitrarily, illegally and/or abused its discretion.
Before addressing the merits of the appeal, this court must address the issue of aggrievement. Pleading and proof of aggrievement are prerequisites of the court's jurisdiction over the subject matter of an administrative appeal. Harris v. Zoning Commission, 259 Conn. 402, 409
(2002); General Statutes § 8-8 (b). Under General Statutes § 8-8
(a)(1), in an appeal from a decision by a zoning commission, an aggrieved person includes one who owns land abutting or within a radius of one hundred feet of any portion of the land involved in the decision of the board. Here, based upon the testimony of the plaintiff and the deeds submitted into evidence, the court finds that the plaintiff owns land abutting the subject property. Accordingly, the court concludes that the plaintiff is aggrieved. CT Page 8642
Turning to the claims by the plaintiff, the court's scope of review is well established. It is limited to whether the commission acted arbitrarily, illegally or unreasonably. If there is substantial evidence to support any basis or stated reason for the commission's decision, this court must sustain that decision. Heithaus v. Planning ZoningCommission, 258 Conn. 205, 224 (2001).
 Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing . . . Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons. . . . The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs.
(Internal quotation marks omitted.) Raczkowski v. Zoning Commission,53 Conn. App. 636, 640, cert. denied, 250 Conn. 921 (1999), quoting Bloomv. Zoning Board of Appeals, 233 Conn. 198, 206 (1995).
Here the board's action in granting a special exception is under review.
 When considering an application for a special exception, a zoning authority acts in an administrative capacity, and its function is to determine whether the proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and statutes are satisfied. . . . It has no discretion to deny the special exception if the regulations and statutes are satisfied.
(Citations omitted.) Quality Sand Gravel, Inc. v. Planning ZoningCommission, 55 Conn. App. 533, 537 (1999).
The New Milford zoning regulations provide the following procedure for the approval of special permits:
Section 180-050
The Commission shall hold a public hearing on the application and shall decide thereon, giving notice of its decision as required by the provisions of Section 8-3c of the General Statutes. The applicant may CT Page 8643 consent in writing to an extension of the time for public hearing and action on the application.
 After the public hearing, the Commission may approve a special permit if it shall find that the proposed use and the proposed buildings and structures will conform to the Zoning Regulations and the standards herein specified. All special permits may be approved subject to appropriate conditions and safeguards necessary to conserve the public health, safety, convenience, welfare and property values in the neighborhood.
(ROR, 40, p. 139.)
The plaintiff first argues that the applications violated the New Milford zoning regulations in two ways. The first claimed violation, is that the applications violate § 140-050(c) in that the approved site plan shows excavation within fifty feet of the property line. The court rejects this claim because of the following provision in the resolution approval:
 15. That the applicant/operator comply with all other requirements of Section 140-050, Regulations Concerning Conduct of Operations, of the Zoning Regulations of the Town of New Milford.
(ROR, 24, p. 2.) Thus, the commission considered including this requirement in its approval.
As to the second claimed violation, that the applications failed to include plans showing existing contours at five feet intervals within fifty of the excavation, the record reflects that these plans were considered by the town engineer and the resolution of approval included the following:
 1. That except as modified by this resolution, the site shall be restored to the final grades as per site plan by Dudley Ashwood, P.E. dated May 15, 2001, revised 7/20/01, 7/15/01, 7/12/01 and final landscaping plan submitted by Dirk W. Sabin dated 7/25/01.
(ROR, 24, p. 1.)
The regulation cited by the plaintiff reads:
CT Page 8644 2. Any such application shall be accompanied by a map or maps and other documentation, giving the following information:
* * *
 B. Grading plan showing existing contours in the area to be excavated and proposed contours in the area after operations have been completed. Such plans shall include the area to be excavated, as well as the surrounding area within fifty (50) feet of the excavation, and shall be drawn to a convenient scale with contours shown at intervals of not more than five (5) feet.
(ROR, 40, p. 104.)
As Judge Maloney noted recently,
 Zoning commissions are granted liberal discretion in determining whether a regulation applies in a given situation, and the commission's interpretation is binding so long as the commission exercises honest judgment and the decision is reasonable. Molic v. ZBA, 18 Conn. App. 159 (1989); Adolphson v. ZBA, 205 Conn. 703 (1988). Nevertheless, the "trial court must determine whether the commission has correctly intrepreted its regulations and applied them with reasonable discretion to the facts." Baron v. P Z Commission, [22 Conn. App. 255, 256 (1990)].
Ladola v. Windsor Locks PZC, Superior Court, judicial district of Hartford, Docket No. 800061, (Jan. 8, 2002, Maloney, J.). The court will not disturb the commission s application of its regulations to the facts supported by the record.
The plaintiff cites the commission's failure to submit a transcript of the August 28, 2001 public hearing as sufficient reason to sustain its appeal. It is undisputed that there was no recording of the August 28, 2001 public hearing. (ROR, 42.) The General Statutes § 8-7a does require the recording of a hearing on this type of application. The plaintiff relies on the case London v. Zoning Board of Appeals,150 Conn. 411 (1963) to argue that because of the missing transcript, the action of the commission is voidable at her option.
As noted by the defendants, since the London case, General Statutes CT Page 8645 § 8-8, has been amended to provided a procedure for supplementing the record if, inter alia, "the record does not contain a complete transcript of the entire proceedings before the board, including all evidence presented to it, pursuant to section 8-7a." General Statutes 8-8 (1). Here no party made any request under this section. The court has reviewed the entire record and notes that all of the documents submitted in support of the application are included as is the plaintiffs statement in opposition submitted at the August 28th hearing. (ROR, 20). In addition, detailed minutes of that hearing are in the record, and the plaintiff has not challenged their accuracy. (ROR, 33). As noted in Nick v. Planning Zoning Commission, 6 Conn. App. 110, 111-12 (1986), the London case relied on by plaintiff is no longer good law in light of the statutory change. Further, the plaintiff has made no request to supplement the record pursuant to General Statutes § 8-8 (j). The court will not sustain the appeal on this ground.
The plaintiff argues in a brief paragraph that the commission's decision does not contain reasons as required under General Statutes § 8-26e. A review of the commission's decision containing its reasons disposes of this argument:
 In granting the above special permit and site plan application, the Zoning Commission of the Town of New Milford wishes to state upon its record that after reviewing the Inland Wetland Commission's Report, it is the Commission's judgment the subject project will not exert a detrimental effect on the development of the district as the proposed improvements conform with the character of the Residential Zone and shall not have any adverse effect on the value of the nearby properties.
(ROR, 24, p. 3.)
Finally, the plaintiff argues that, in violation of General Statutes § 8-26, the commission failed to give the due consideration to the report of the inland wetlands commission prior to rendering its decision. A review of the record and the decision itself defeats this argument (ROR 27). In Arway v. Bloom, 29 Conn. App. 469, 479-80 (1992), the court explained "due consideration" as used in § 8-26:
The zoning commission must give the wetlands commission report due consideration. We do not read this as a statutory mandate that the zoning commission s decision be based on the wetlands report. To afford due consideration is to "give such weight or CT Page 8646 significance to a particular factor as under the circumstances it seems to merit, and this involves discretion." Black's Law Dictionary (8th Ed.). It entails "giving such thought or weight to a fact as it merits under all the circumstances of the case." Ballentime's Law Dictionary (3d Ed.). There is no question that the term due consideration requires the zoning commission to do more than simply receive the wetlands report and give it passing notice. The weight or significance to be accorded that report by the zoning commission depends, however, on the application before it; how much weight the report should be given is a matter of discretion for the commission.
Here, it is clear that the commission had and considered the report from inland wetlands commission, which was in favor of the application, prior to rendering its decision. In fact, the commission s decision incorporated recommendations from that report. (ROR, 24, p. 1 ¶ 3.)
For all the above reasons and after a review of the entire record, the court finds that the plaintiff has not met her burden to prove the commission acted improperly. The commission considered the appropriate criteria under its own regulations and the statute. This court will not substitute its judgment for that of the commission.
The appeal is dismissed.
DiPentima, J.