[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Helen A. Lillis appeals a decision of the defendant Zoning Commission of New Milford (commission) granting the applications of the defendant Cross Brook Developers, LLC (Cross Brook) for a special permit and site plan approval to construct an active adult community development pursuant to Chapter 116 of the New Milford zoning regulations. A separate appeal is before the court from the granting of the special permit to excavate for that development.[1] The commission acted under General Statutes § 8-3c, and the plaintiff appeals pursuant to General Statutes § 8-9.
The defendant Cross Brook applied for a special permit and site plan approval on or about May 22, 2001. The application sought permission for an "active adult community development." (Return of Record (ROR), 1, p. 2.) The property is located on 18 Aspetuck Ridge Road, New Milford and is zoned R-40, residential zone. (ROR, 1, p. 1.) Just under a month after this application was filed, an application for a special permit to excavate to prepare site to build an active adult community was filed. A public hearing was held on July 10, 24, August 14, and August 28, 2001; and on September 25, 2001, the Commission approved the application to allow the development. (ROR, 38.) On October 5, 2001, notice of the Commission's decision appeared in the New Milford Times. This appeal followed.
The plaintiff filed her brief on March 4, 2002; the defendants commission and Cross Brook filed their briefs on April 29, 2002. The commission filed the return of record on December 11, 2001, with supplements filed on January 22, 2002, and March 4, 2002. The court heard testimony and argument on May 20, 2002.
The court addresses the following issues raised by the plaintiff in this appeal.[2] The plaintiff argues that the applications violated provisions of the New Milford zoning regulations that require a landscape bufferstrip or area with a minimum width of sixty feet between land zoned for multifamily use and land in a residential zone, namely, §§ 020-030 and 130-040. She also argues that the defendants violated § 180-060 which requires that a placard be placed on the subject property at least fifteen days prior to the public hearing and "removed immediately after the public hearing is closed." Finally, in arguing that the commission's decision is not supported by the record before it, she notes four deficiencies: 1) the commission failed to give due consideration to the report of the inland wetlands agency before issuing its decision; 2) the CT Page 8635 commission failed to consider the recommendations of the conservation commission; 3) the commission failed to submit a transcript of the public hearing as required General Statutes § 8-7a; and 4) the commission failed to document its reasons for approving the applications, as required by General Statutes § 8-26e. Before addressing the merits of the appeal, this court must address the issues of aggrievement. Pleading and proof of aggrievement are prerequisites of the court's jurisdiction over the subject matter of an administrative appeal. Harris v. ZoningCommission, 259 Conn. 402, 409 (2002); General Statutes § 8-8 (b). Under General Statutes § 8-8 a(1), in an appeal from a decision by a zoning commission, an aggrieved person who owns land abutting or within a radius of one hundred feet of any portion of the land involved in the decision of the board. Here, based upon the testimony of the plaintiff and the deeds submitted into evidence, the court finds that the plaintiff owns land abutting the subject property. Accordingly, the court concludes that the plaintiff is aggrieved.
Turning to the claims by the plaintiff, the court's scope of review is well established. It is limited to whether the commission acted arbitrarily, illegally or unreasonably. If there is substantial evidence to support any basis or stated reason for the commission's decision, this court must sustain that decision. Heithaus v. Planning ZoningCommission, 258 Conn. 205, 224 (2001).
 Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing . . . Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons . . . The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs.
(Internal quotation marks omitted.) Raczkowski v. Zoning Commission,53 Conn. App. 636, 640, cert. denied, 250 Conn. 921 (1999), quoting Bloomv. Zoning Board of Appeals, 233 Conn. 198, 206 (1995).
Here the board's action in granting a special exception is under review.
When considering an application for a special exception, a zoning authority acts in an administrative capacity, and its function is to determine whether the proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and statutes CT Page 8636 are satisfied. It has no discretion to deny the special exception if the regulations and statutes are satisfied.
(Internal citations omitted.) Quality Sand Gravel, Inc. v. Planning Zoning Commission, 55 Conn. App. 533, 537 (1999). Section 180-050 of the New Milford zoning regulations provide the following procedure for the approval of special permits:
 The Commission shall hold a public hearing on the application and shall decide thereon, giving notice of its decision as required by the provisions of Section 8-3c of the General Statutes. The applicant may consent in writing to an extension of the time for public hearing and action on the application.
 After the public hearing, the Commission may approve a special permit if it shall find that the proposed use and the proposed buildings and structures will conform to the Zoning Regulations and the standards herein specified. All special permits may be approved subject to appropriate conditions and safeguards necessary to conserve the public health, safety, convenience, welfare and property values in the neighborhood.
(ROR, 49, p. 133.)
Pertinent to the subject matter here, the New Milford zoning regulations also provide for the development of active adult communities. Under § 116-020, an active adult community development "shall be allowed only by special permit issued by the Zoning Commission." Further, that same section states that "such housing shall be permitted in all zoning districts except the industrial zone." (ROR, 49, p. 78.)
As to the plaintiffs first argument, she cites §§ 020-030 and 130-040 of the new Milford zoning regulations. Neither regulation applies to this property. Both regulations refer to business, industrial or multi-family zones for their application. Section 130-040 reads
The purpose of the buffer area is to provide privacy from noise, headlight glare, and visual intrusion to any residential district. A buffer area shall be required along and within all boundaries of a lot abutting or directly across a local street from any lot in a Residential Zone. Single family dwellings
CT Page 8637 shall not be required to provide a buffer. The buffer strip shall be provided and maintained by the owner of the land zoned for business, industrial or multi-family purposes. Failure to maintain such strip shall constitute a violation of these regulations by the owner of the land zoned for business, industrial or multi-family use.
(Emphasis added.) (ROR, 49, p. 92.) Likewise, § 020-030 reads in pertinent part,
 Any parcel of land presently used for residential purposes, which is placed in or is caused to abut a business, industrial or multi-family zone by enactment or amendment to these regulations, shall all be protected from any future business, industrial or multi-family use of adjoining property by a landscaped buffer strip . . . The buffer strip called for herein shall be provided and maintained by the owner of the land used for business, industrial or multi-family purposes.
(Emphasis added.) (ROR, 49, p. 16.)
Here, a review of the record reveals that the subject property as well as the land it abuts are within residential zones. (ROR, 1, p. 56.) Accordingly, neither of these regulations require a buffer area or strip here. Additionally, under the regulation which explicitly applies to active adult community development, the language is permissive: "the commission may require" a buffer area. § 116-040 (11); (ROR, 49, p. 79.) The court finds no violation of these regulations here.
The plaintiff next argues that because there was insufficient notice of the public hearing, the commission's decision should be rendered null and void. Citing Nazarko v. Zoning Commission, 50 Conn. App. 517, 519-20
(1998) (inadequate publication through legal advertising in a newspaper), the plaintiff notes that the lack of proper public notice is a jurisdictional defect. Here the claim of insufficient notice arises from the regulation requiring that the property be placarded with a sign indicating the day, time and location of the public hearing at least fifteen days prior to the public hearing and removed immediately after the public hearing is closed. § 180-060; (ROR, 49, p. 133.) The plaintiff concedes that the placard was posted fifteen days prior to July 10, 2002, and that at some point after July 24, 2002, and before August 14, 2002, the placard was removed. CT Page 8638
The purpose behind the placard regulations is clearly to give fair and sufficient notice of the public hearing to those interested and affected. Wright v. Zoning Board of Appeals, 174 Conn. 488, 491 (1978). Here Cross Brook substantially complied with the regulations. The placard was up two weeks prior to the first day of the scheduled hearing and in place until after the second day of the public hearing. The phrase that it should be removed "immediately after the public hearing is closed" cannot be fairly read to create an additional jurisdictional requirement of such notice throughout the continued hearings. Moreover, the plaintiff has shown no actual prejudice. The court will not render the decision null and void on this claim.
The first of the plaintiffs four grounds to overturn the commission's decision because it is not supported by the record is that it did not give due consideration to the inland wetlands report as required by General Statutes § 8-26. A review of the record and the decision itself defeats this argument. (ROR, 39.) In Arway v. Bloom,29 Conn. App. 469, 479-80 (1992), the court explained "due consideration" as used in § 8-26:
 The zoning commission must give the wetlands commission report due consideration. We do not read this as a statutory mandate that the zoning commission s decision based on the wetlands report. To afford due consideration is to "give such weight or significance to a particular factor as under the circumstances it seems to merit, and this involves discretion." Black's Law Dictionary (5th Ed.). It entails "giving such thought or weight to a fact as it merits under all the circumstances of the case." Ballentine's Law Dictionary (3d Ed.). There is no question that the term due consideration requires the zoning commission to do more than simply receive the wetlands report and give it passing notice. The weight or significance to be accorded that report by the zoning commission depends, however, on the application before it; how much weight the report should be given is a matter of discretion for the commission.
Here, it is clear that the commission had and considered the report from inland wetlands commission, which was in favor of the application, prior to rendering its decision. In fact, the commission's decision incorporated recommendations from that report. (ROR, 38, p. 1, ¶ 2.)
Next, the plaintiff claims that the commission did not consider the recommendations of the conservation commission. (ROR, 22.) While she CT Page 8639 cites § 8-26 and Arway v. Bloon, supra, in support of this claim, the court finds nothing in either the statute or the appellate court opinion to require the commission to give this report particular weight. The fact that the report of the conservation commission recommended denying the applications and the commission approved the applications is not sufficient to overturn the decision on these grounds.
The plaintiff cites the commission's failure to submit a transcript of the August 28, 2001 public hearing as sufficient reason to sustain its appeal. It is undisputed that there was no recording of the August 28, 2001 public hearing. (ROR, 63.) The General Statutes § 8-7a does require the recording of a hearing on this type of application. The plaintiff relies on the case London v. Zoning Board of Appeals,150 Conn. 411 (1963) to argue that because of the missing transcript, the action of the commission is voidable at her option.
As noted by the defendants, since the London case, General Statutes § 8-8, has been amended to provided a procedure for supplementing the record if, inter alia, "the record does not contain a complete transcript of the entire proceedings before the board, including all evidence presented to it, pursuant to section 8-7a." General Statutes 8-8 (j). Here no party made any request under this section. The court has reviewed the entire record and notes that all of the documents submitted in support of the application are included as is the plaintiffs statement in opposition submitted at the July 10th hearing. (ROR, 12.) In addition, detailed minutes of that hearing are in the record and the plaintiff has not challenged their accuracy. (ROR, 46.) As noted in Nick v. Planning Zoning Commission, 6 Conn. App. 110, 111-12 (1986), the London case relied on by plaintiff is no longer good law in light of the statutory change. Further, the plaintiff has made no request to supplement the record pursuant to General Statutes § 8-8 (1). The court will not sustain the appeal on this ground.
The plaintiff argues in a brief paragraph that the commission's decision does not contain reasons as required under General Statutes § 8-26e. A review of the commission's decision containing its reasons disposes of this argument:
In granting the above special permit and site plan application, the Zoning Commission of the Town of New Milford wishes to state upon its record that after reviewing the Inland Wetland Commission's Report, it is the Commission's judgment the subject project will not exert a detrimental effect on the development of the district as the proposed improvements conform with the character of the Residential Zone and shall not CT Page 8640 have any adverse effect on the value of the nearby properties.
(ROR, 38, p. 2.)
For all the above reasons, and after a review of the entire record, the court finds that the plaintiff has not met her burden to prove the commission acted improperly. The commission considered the appropriate criteria under its own regulations and the statute. This court will not substitute its judgment for that of the commission.
The appeal is dismissed.
DiPentima, J.